IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW CLARK and GREGORY MALANDRUCCO, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-cv-1803 |
| v. | ) ) | Judge Der-Yeghiayan |
| CITY OF CHICAGO, et al. | ) ) | Magistrate Judge Cox |
| Defendants. | ) ) ) ) | JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS AND OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Now come Plaintiffs Matthew Clark and Gregory Malandrucco, by and through their attorneys, LOEVY & LOEVY, and move this Court pursuant to Fed. R. Civ. P. 26(d) for an Order to compel Defendant Officers Brian Postrelko, Michael Torres and Nelson Crespo to appear for their depositions and deny Defendants' Motion for Protective Order. In support of their motion and in opposition to Defendants' Motion for Protective Order, Plaintiffs state as follows:

**Introduction**

Plaintiffs allege that they were beaten by several plainclothes officers ("Plainclothes Officers") and that certain uniformed officers ("Uniformed Officers"), arrived on the scene, continued to attack Plaintiffs, allowed Plainclothes Officers to leave the scene and left Plaintiffs in need of medical attention without assisting them. The assault was captured on two separate video surveillance cameras of nearby business establishments.

Since filing their complaint, Plaintiffs have been working diligently to ascertain the identities of all of the individual defendants, particularly the Plainclothes Officers. Through written discovery, Plaintiffs identified many of the Uniformed Officers. However, Plaintiffs have not yet been able to identify any of the Plainclothes Officers. It is imperative that Plaintiffs identify these officers as soon as possible so that Plaintiffs can timely add all parties to the lawsuit, serve them, and complete discovery in the time allotted by the Court.

In order to identify these officers, Plaintiffs have noticed three of the Uniformed Officers' depositions. Two of the Uniformed Officers, Officers Postrelko and Torres, have admitted that they are the uniformed officers depicted on videotape, and the third Defendant, Officer Crespo, is likely the remaining Uniformed Officer depicted on the videotape.

Defendants have refused to appear for their depositions because they have not yet served Plaintiffs with written discovery and they filed a motion to dismiss. Both objections are baseless. Deposing these witnesses now is entirely consistent with Fed. R. Civ. P. 26(d)(2), which expressly allows discovery to proceed in any sequence and prohibits discovery by one party to affect the timing of discovery by another. Moreover, filing of a motion to dismiss does not stay discovery. Defendants' position is especially lacking here because their motion does not involve any threshold issues like jurisdiction, and, even if it is granted, will not resolve all of Plaintiffs' claims. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988) (no requirement discovery cease during the pendency of a motion to dismiss). Finally, the depositions of these Defendants are also warranted because Plaintiffs have no other means of identifying certain unknown defendants.[1]

---

[1] Defendants have asserted a privilege over the contents of the internal affairs file that might otherwise permit Plaintiffs to identify the unknown defendants.

2

Despite Plaintiffs' multiple good faith efforts, Defendants have steadfastly refused to compromise. *See* Local Rule 37.2 Certification; Group Ex. A (Correspondence documenting Plaintiffs' efforts to compromise and Defendants' refusal). Indeed, Defendants have already filed a Motion for Protective Order seeking to prevent these depositions. *See* Dkt. 29. Accordingly, Plaintiffs respectfully request an Order compelling the Defendant Officers to appear for their depositions and denying Defendants' Motion for Protective Order.[2]

**Argument**

The Court has set a discovery schedule and Plaintiffs intend to meet it. *See* Dkt. 24 (June 15, 2010 Minute Order). Under the Federal and Local Rules, once a discovery schedule has been set, all parties are free to commence discovery, be it oral or written. *See Sharp v. Damien Chrysler Corp.*, 2001 WL 1464076, at *1 (7th Cir. Nov. 16, 2001) ("Rule 26(d) permits discovery to begin as soon as the parties' initial conference has been held"); Local Rule 26.1 (the "initial status hearing shall be the scheduling conference referred to in Fed. R. Civ. P. 26(f).").

Furthermore, the Federal Rules of Civil Procedure expressly permit Plaintiffs to depose the Uniformed Officers before written discovery is completed:

> Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
> (A) methods of discovery may be used in any sequence; and
> (B) discovery by one party does not require any other party to delay its discovery.

Fed. R. Civ. P. 26(d)(2). In this case, Rule 26(d)(2) applies. Rule 26(d)(2) provides that discovery may be conducted in any sequence and prohibits conditioning discovery upon the completion of some other discovery. *See also Carlson Restaurants Worldwide, Inc. v. Hammond*

---

[2] Plaintiffs' counsel has repeatedly offered to depose the Defendants on any day of their choosing during the month of July. *See* Group Ex. A. Plaintiffs have also offered to depose the three Uniformed Officers appearing on video now and defer the other four depositions until later. Nevertheless, Defendants have maintained their objection to any depositions.

*Professional*, 2008 WL 2857250, at *6 (N.D. Ind. July 23, 2008) (Defendant's contention that "'orderly process for discovery calls for the parties to complete written discovery before moving on to depositions' is incorrect. Under Rule 26(d), unless the court mandates otherwise, 'methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay another party's discovery.'").

Moreover, Defendants' argument that discovery should be stayed pending their motion to dismiss is wrong. Contrary to their assertion that a motion to dismiss "constitutes good cause to postpone discovery," *see* Defs' Motion for Protective Order at ¶ 17, the mere filing of a motion to dismiss does not stay discovery. *SK Hand Tool Corp.,* 852 F.2d at 945 (agreeing with the district court that "'there is no requirement that the discovery cease during the pendency of a motion to dismiss unless the court has ordered a stay, which it has not done in this case.'"); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005); *see also Paroubek v. Friddle*, 1987 WL 7818, at *4 n.4 (N.D. Ill. March 11, 1987) ("It is the general policy of this court not to stay discovery pending our resolution of motions to dismiss.").

Courts do not typically stay discovery pending a motion to dismiss, particularly when the motion does not involve threshold issues such as jurisdiction, standing, or qualified immunity, *see In re Sulfuric Acid*, 231 F.R.D. at 336-37 (explaining that a stay may be appropriate if the motion to dismiss would resolve all claims as to the moving party or involves threshold questions), or where doing so would slow down the litigation. *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996) ("Although Rules 26(c) and (d) do give the court authority to stay discovery, this authority must be exercised so as to 'secure the just, speedy and inexpensive determination of every action.' Fed. R. Civ. P. 1. Where the court finds that its interference in the discovery process is unlikely to significantly expedite the

4

litigation, and may actually slow it down, it will decline to interfere."); *Cohn v. Taco Bell Corp.*, 147 F.R.D. 154, 161-62 (N.D.Ill. 1993) (denying motion to stay discovery where the stay would prolong discovery, the success of the motion to dismiss was speculative, and the motion to dismiss would not dispose of the entire case even if successful).

In this case, Defendants have not moved for a stay of discovery. Moreover, their motion to dismiss does not involve any threshold issues such as jurisdiction or qualified immunity, *see In re Sulfuric Acid*, 231 F.R.D. at 336-37, and the motion's success is wholly speculative because Defendants have entirely ignored essential facts pled in the complaint alleging the individual liability of the Uniformed Defendant Officers[3] for, among other things, unreasonable seizure, excessive force, failure to intervene, and denial of medical attention—facts which, at this stage, the Court must take to be true.[4]

Instead, what Defendants' motion to dismiss really takes issue with is how Plaintiffs styled their complaint and whether it satisfies the liberal standards of notice pleading, which it clearly does. Nothing in the Federal Rules suggests that complaints must contain separate counts. To the contrary, the Seventh Circuit has repeatedly instructed that the Federal Rules actually discourage this manner of pleading: "Although it is common to draft complaints with multiple counts . . . nothing in the Rules of Civil Procedure requires this. To the contrary, the [R]ules discourage it. Complaints should be short and simple, giving the adversary notice while leaving the rest to further documents." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992) (rejecting the argument that complaints must plead legal theories in addition to facts) (Easterbrook, J.); *N.A.A.C.P. v. American Family Mut. Ins. Co.*, 978 F.2d 287, 292 (7th Cir. 1992) ("A complaint should limn the grievance and demand relief. It need not identify the law on

---

[3] That is, Officers Postrelko, Torres, Crespo, Reppas, Middleton, Podgorny, and Schroeder.

[4] Plaintiffs will address Defendants' motion to dismiss in a separately-filed response.

5

which the claim rests, and different legal theories therefore do not multiply the number of claims for relief."); *accord Harper v. City of Murphysboro, Ill.*, 2008 WL 2782837, at *2 (S.D. Ill. Jul. 15, 2008) (citing *Bartholet*); *see also* Fed. R. Civ. P. 8(a)(2) (requiring only "a short and plain statement of the claim showing that the pleader is entitled to relief."); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) ("[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"). In short, granting Defendants' motion for a protective order will only serve to delay the litigation and Plaintiffs' ability to discover and add the Plainclothes Officer as defendants. *See Builders' Ass'n*, 170 F.R.D. at 437 (denying request to issue scheduling order to limit discovery to only standing issue raised in motion to dismiss where "it would slow down the progress of the litigation than to speed it up").

Based on the facts of this case, there is simply no basis for Defendants Postrelko, Torres, and Crespo to claim that they are unable to prepare for these depositions while their motion to dismiss is pending. The complaint provides sufficient notice of the facts upon which Plaintiffs claim they suffered injury at the hands of these Defendants, *see* First Amended Compl. ¶¶ 2, 8-13, 32-42, 58-62, 64-66, and the Federal Rules require nothing more. *See N.A.A.C.P.*, 978 F.2d at 292 (plaintiffs need only identify claims for relief, and "[o]ne set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate."); *Bartholet*, 953 F.2d at 1078 ("complaint need not identify a legal theory"). Furthermore, deposing these Uniformed Defendant Officers pending motion practice is especially merited in this case where other defendants remain unknown. *See Lamaur, Inc. v. Gerhardt Enterprises, Inc.*, No. 86 C 5374, 1986 WL 11995, at *1 (N.D. Ill. Oct. 22, 1986) (denying defendant's request to stay discovery

and allowing plaintiff to designate an unknown party to "promptly seek to determine from defendant his identity.").

The cases Defendants cite in support of their motion for a protective order do not hold otherwise. *In re Sulfuric Acid* actually supports Plaintiffs' position. In that case, the court granted plaintiffs' motion to compel the deposition of a witness even after discovery was completed. 231 F.R.D. at 343. While the court also denied plaintiffs' motion to compel certain written discovery, it did so because the plaintiffs waited until one day before discovery closed to file their motion to compel. *Id.* at 337 (holding that "by consciously deciding not to file a motion to compel, the plaintiffs acquiesced in what was functionally a stay" even though the court had never granted a stay). In stark contrast, in this case, Plaintiffs have filed this motion to compel as soon as reasonably possible after attempting to reach a compromise with Defendants.

Similarly, in *Cataldo v. City of Chicago*, No. 01 C 6665, 2002 WL 91903, at *1-*2 (N.D. Ill. Jan. 24, 2002), the plaintiff *agreed* to postpone depositions during the pendency of defendant's motion to dismiss, and the court granted the motion to stay written discovery because it was unduly burdensome for the City to produce the hundreds of files the plaintiff had requested and the City was likely to prevail on its motion to dismiss. The plaintiff was a police officer who alleged that the City violated the Americans with Disabilities Act by refusing to place him in a convalescent or limited duty position because he used a wheelchair. *Id.* at *1. The plaintiff had requested production of the medical files of 536 other officers on convalescent or limited duty, and the City objected and moved for a stay of this discovery pending its motion to dismiss because it would be unduly burdensome to locate the 536 files, copy them for review by City attorneys, and make a second copy for redacting by a City paralegal. *Id.* Under these circumstances, the court granted the City's motion to stay because these were "time-consuming

7

and costly steps" that would not be an efficient use of resources because there was a legitimate possibility that the City would prevail on its motion since the plaintiff had admitted that he was not able to work at all. *Id.* at *1-2.

Finally, in *Stokes v. City of Chicago*, No. 86 C 4759, 1986 WL 12311, at *1 (N.D. Ill. Oct. 24, 1986), the court granted a stay of discovery because defendants asserted the threshold issue of qualified immunity in their motion to dismiss. *See In re Sulfuric Acid*, 231 F.R.D. at 336-37 (stays are reasonable where motions to dismiss assert threshold issues such as qualified immunity). Here, Defendants' motion does not raise any threshold issues.

Not only is Plaintiffs' position supported by the law, but the facts of this case particularly warrant deposing these Defendants now because Plaintiffs must identify, name, serve, and conduct discovery on all parties, particularly the still unknown Plainclothes Officers, in a timely fashion. This case has been pending since March 2010. In four months, no depositions have been taken. Plaintiffs' request to depose the three Defendants subject to this motion is reasonable in light of the December 30, 2010 discovery deadline because even if Plaintiffs conduct depositions this month and discover the identities of the Plainclothes Officers, they will have five months (at most) to amend their complaint, serve summons, and conduct written and oral discovery by the December 30, 2010 discovery deadline.[5]

Moreover, Plaintiffs are unlikely to obtain the identities of any additional defendants through any other means. Plaintiffs have already received written discovery responses from the Defendant City of Chicago from which Plaintiffs identified and named the individual defendants in their First Amended Complaint. However, because the City has asserted a privilege over all

---

[5] As the Court is well aware, Plaintiffs have the "responsibility to determine the proper part[ies] to sue and to do so before the statute of limitations expires." *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). If Plaintiffs are unable to do so, they will suffer prejudice as their claims against any still unknown defendants will expire. *Id.*

8

documents contained in the investigatory file for this incident, Plaintiffs are unlikely to obtain further information regarding the Plainclothes Officers through additional written discovery. As a result, deposing the individual defendants who responded to the scene is the best, and perhaps sole, method by which Plaintiffs will learn the identities of the additional defendants.

Plaintiffs have only noticed the depositions of three defendants. Plaintiffs noticed the depositions of the two officers who have admitted to being on the video surveillance recording (Officers Postrelko and Officer Torres), *see* Ex. B (March 24, 2010 Report from Sgt. Joseph W. Giambrone to Commander Linda Flores) ("At the officer's [sic] request, R/Sgt. showed the video to P.O. Brian Postrelko, and P.O. Michael Torres, #13888. Both officers acknowledged that they were the subjects of whose images appeared on the video."), and the officer who shares the same beat number (Officer Crespo). *See* Ex. C (Defendant City of Chicago's Response to Plaintiffs' First Set of Interrogatories No. 1). As a compromise, Plaintiffs have agreed not to depose the remaining individual defendants until after August 25, 2010. *See* Group Ex. A (July 1, 2010 Letter). Defendant Officers have rejected Plaintiffs' reasonable attempt to reach a compromise.

**Local Rule 37.2 Statement**

Pursuant to Local Rule 37.2, Plaintiffs bring this motion only after consultation with Defendants, and after numerous good faith attempts to resolve differences have failed. *See* Group Ex. A.

On May 19, 2010, Plaintiffs noticed the depositions of the Uniformed Officers. *See id.* (May 19, 2010 Letter and Deposition Notice). Plaintiffs indicated that if the noticed dates were inconvenient, Defendants should notify Plaintiffs by May 28, 2010, or Plaintiffs would assume the dates would go forward as scheduled. Defendants did not express any objection until June

9

15, 2010, when the Uniformed Officers' counsel indicated that they would not produce the Uniformed Officers on the noticed dates but did not provide alternate dates.

On June 28, 2010, Plaintiffs requested that the Uniformed Officers provide alternative dates and times by July 2, 2010. *Id.* (June 28, 2010 Letter). Later that day, the Uniformed Officers indicated that they would not schedule depositions until after they had answered the complaint and written discovery was completed. *Id.* (June 28, 2010 Email correspondence between the parties). The next day, Plaintiffs wrote to counsel and explained that the Uniformed Officers' position lacked legal support and offered to give Defendants until July 2 to provide alternative dates. *Id.* (June 29, 2010 Letter). Later that day, counsel for the Uniformed Officers responded via email explaining that they were planning to file a motion to dismiss the following week and they did not want to schedule depositions until after their motion to dismiss was decided. *Id.* (June 30, 2010 Email from defense counsel to plaintiffs' counsel).

Plaintiffs responded the following day explaining that the federal rules allow Plaintiffs to conduct depositions during motion practice and before written discovery is completed. *Id.* (July 1, 2010 Letter). In an effort to compromise, Plaintiffs agreed that they would only depose three of the defendants now and would not seek the depositions of any of the other individual defendants until August 25, 2010, and further offered to give the Uniformed Officers until July 8 to propose alternative dates of their choosing. *Id.*

On July 8, 2010, counsel for Plaintiffs called defense counsel to discuss scheduling the Uniformed Officers' depositions. Defense counsel requested until the end of the day to respond. Later that day, Uniformed Officers requested an additional day to respond. (July 8, 2010 Email from defense counsel to plaintiffs' counsel). Plaintiffs agreed and expressed their hope that the parties could reach agreement. *Id.* (July 8, 2010 Email from plaintiffs' counsel to defense

Case: 1:10-cv-01803 Document #: 31 Filed: 07/15/10 Page 11 of 12 PageID #:146

counsel). On July 9, 2010, Defendants rejected all of Plaintiffs' attempts at compromise and filed their Motion for Protective order. Dkt. 29.

**Conclusion**

For the above-stated reasons, Plaintiffs respectfully move this Court pursuant to Fed. R. Civ. P. 26(d) for an Order compelling the Defendant Officers to appear for their depositions on a date certain within two weeks and denying Defendants' motion for protective order.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order compelling the Defendant Officers to appear for their depositions on a date certain within two weeks and denying Defendants' motion for protective order.

Respectfully submitted,

/s/ Heather Lewis Donnell
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Russell Ainsworth
Elizabeth Wang
Heather Lewis Donnell
LOEVY & LOEVY
312 North May Street
Chicago, Illinois 60607
(312) 243-5900

11

## **CERTIFICATE OF SERVICE**

    I, Heather Lewis Donnell, certify that on July 15, 2010, I served via email and the Court's CM/ECF system to all counsel of record PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS AND OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER.

                                      /s/ Heather Lewis Donnell