IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW CLARK and GREGORY MALANDRUCCO, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-cv-1803 |
| v. | ) ) ) | Judge Der-Yeghiayan |
| CITY OF CHICAGO, et al. | ) ) | Magistrate Judge Cox |
| Defendants. | ) ) ) ) | JURY TRIAL DEMANDED |

**PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Now come Plaintiffs Matthew Clark and Gregory Malandrucco, by and through their

attorneys, LOEVY & LOEVY, and respectfully move this Court for entry of a protective order.

In support of their motion, Plaintiffs state as follows:

**Introduction**

This case concerns the unjustified and unprovoked beating of Plaintiffs by plainclothes

and uniformed Chicago Police Officers on February 7, 2010, which was captured on video

surveillance cameras of two nearby business establishments.  Discovery is currently proceeding

between Plaintiffs and Defendant City of Chicago, but discovery has been stayed with respect to

the individually named Defendants pending their motion to dismiss.

The parties were in the process of negotiating a protective order to govern any

"Confidential Matter" or protected heath information ("PIH") to be produced in this case.  The

parties had exchanged proposed protective orders, and agreed on most issues.  Plaintiffs were

awaiting the City's response to their proposed protective order when the City filed its Motion for

1

Entry of Protective Order, without notifying Plaintiffs, much less responding to Plaintiffs'
proposed protective order.

The parties agree that the following categories of documents should remain confidential:
personnel records, private financial information, and medical records. The parties also agree that
personal identifying information (addresses, birth dates, social security numbers, etc.) of the
parties and non-party witnesses should also be confidential. Plaintiffs' proposed protective order
therefore defines "Confidential Matter" to include this information.

Plaintiffs dispute, however, Defendant's position that there is good cause to keep every
page of every Complaint Register (C.R.) File[1] confidential; the parties are at impasse on this
issue.[2] Although certain information within those files should be kept confidential (*e.g.*,
complainants' personal identifying information), the entire C.R. Files are not deserving of
confidential treatment. For this reason, Plaintiffs' proposed protective order, attached hereto as
Exhibit A, does not provide for blanket coverage of C.R. Files. Plaintiffs also dispute that
requiring expert and other witnesses to sign an affidavit is necessary given the protective order's
confidentiality provision.

1. **Under Illinois Law, Police Personnel Do Not Have A Right to Privacy In Citizen Complaints Lodged Against Them**

Prior to July 2009, courts in this District were split as to whether there was "good cause"
under Rule 26 to keep C.R. Files confidential. Courts finding that C.R. Files should be kept

---

[1]      C.R. Files are the product of investigations by the Chicago Police Internal Affairs
Department or the City of Chicago Independent Police Review Authority into complaints against
Chicago police officers.

[2]      Plaintiffs had not originally believed the parties were at an impasse requiring this Court's
intervention but since the City filed their motion, Plaintiffs agree that the parties are now at an
impasse. *See* Group Ex. B (Correspondence between the parties pursuant to Local Rule 37.2)

confidential often cited officer privacy concerns, relying on an assumption that these documents were exempt from disclosure under the Illinois Freedom of Information Act and/or the Illinois Personnel Record Review Act

In July 2009, however, the Illinois Appellate Court clarified the application of these statutes to citizen complaints against police officers. *Gekas v. Williamson*, 393 Ill. App. 3d 573, 912 N.E.2d 347 (4th Dist. July 20, 2009). In *Gekas*, the court held that police personnel do not have a privacy right in citizen complaints lodged against them alleging police misconduct. *Id.* at 356 ("What [the Defendant] does in his capacity as deputy sheriff is not his private business. Whether he used excessive force or otherwise committed misconduct during an investigation or arrest is not his private business.")

Since *Gekas*, courts have repeatedly rejected protective orders to keep C.R. Files confidential. *See Padilla v. City of Chicago*, 2009 WL 3808634 (N.D. Ill. Nov. 16, 2009) (Shadur, J.) (post-*Gekas*, police personnel in Illinois have no privacy rights in the contents or results of charges of misconduct lodged against them by members of the public); *Fuller v. City of Chicago*, No. 09 C 1672 (N.D. Ill. Nov. 11, 2009) (Hibbler, J.) (rejecting a proposed protective order that treats C.R. Files as confidential, citing *Gekas*) (order attached here as Exhibit C); *Goldhamer v. City of Chicago*, 2009 WL 3680201 (N.D. Ill. Nov. 2, 2009) (Grady, J.) (same); *Alva v. City of Chicago*, No. 08 C 6261 (N.D. Ill. Oct. 8, 2009) (Dow, J.) (same) (order attached as Exhibit D); *Keys v. City of Chicago*, 09 C 4162 (N.D. Ill. Dec. 17, 2009) (Leinenweber, J.) (denying the City's proposed protective order as it pertains to C.R. Files) (attached as Exhibit E).

Under these decisions, once the complainants' names and other personal information are redacted from C.R. Files, there is no need to keep them confidential.[1]

The 2010 FOIA amendment does include language exempting records relating to adjudication of discipline cases. This language has no application to C.R. Files, however, which are records of complaints and investigation of complaints; they are not disciplinary files, nor are they records of adjudications. Moreover, "[i]nformation that may be exempt from disclosure to the general public under the Illinois FOIA may be discoverable in civil litigation in the federal courts." *Santiago*, 2010 WL 1257780, at *5 (ordering production of open CR files pursuant to a protective order). In *Santiago*, the court rejected the position Defendant asserts here that the recent amendment to the Illinois FOIA under Section 7(1)(n) prohibiting disclosure of "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases. . ." applied to production of a CR file in civil litigation. *Id.* The court concluded that the recent FOIA amendments did not change its previous holdings that "Illinois FOIA exemptions do not create an evidentiary privilege within the meaning of Fed.R.Civ.P. 26(b)(1). The Illinois FOIA governs disclosure to the public in general and is not dispositive of disclosure in response to discovery requests in litigation." *Id.* at *5 (quoting *Lepinka v. The Village of Franklin Park*, 2004 WL 626830, at *2 (N.D.Ill. March 26, 2004)). In short, the 2010 FOIA amendments do not require the C.R. Files to be found "Confidential Material" in civil litigation.

---

[1]     Although the Illinois FOIA has been amended since *Gekas*, the provisions relied upon by *Gekas* remains unchanged. *See* Exhibit C (*Fuller v. City of Chicago*, No. 09 C 1672, Nov. 10, 2009 Order) (rejecting the City's argument that the 2010 FOIA amendments undermine *Gekas*). The FOIA 2010 amendment also includes several provisions that bolster *Gekas*'s holding, including the inclusion of language that "all records in the custody or possession of a public body are presumed to be open to inspection or copying."

**II.      There is No Good Cause To Keep C.R. Files Confidential Under Rule 26(c).**

By its terms, Rule 26 imposes on the party seeking to seal documents from public scrutiny the burden to demonstrate "good cause" for protection. *See* Fed. R. Civ. P. 26(c); *Jepson, Inc. v. Makita Elec Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994). To satisfy the good cause burden of proof, the party must point to "a clearly defined and very serious injury caused by public disclosure," *Andrew Corp. v. Rossi*, 180 F.R.D. 338, 341 (N.D. Ill. 1998), and needs to make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (citations omitted).

As the Seventh Circuit has observed, "[p]ublic officials are not the same as private citizens precisely because they exercise the power of the state. With this responsibility comes also the responsibility to act in the public interest." *In Re Witness Before Special Grand Jury 2000-2*, 288 F.3d 289, 294 (7th Cir. 2002). Consistent with this principle, police officers – who are public officials paid by taxpayers – thus have a more limited privacy interest than might otherwise be the case. *Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997) ("[p]olice officers are public servants sworn to serve and protect the general public. . . [and the] manner in which such allegations are investigated is a matter of significant public interest").

At bottom, what is at issue are the files demonstrating the manner in which allegations of police abuses and corruption are investigated by the City officials charged with that task. Defendant cannot provide an example of a "clearly defined and very serious injury" caused by public disclosure (as opposed to "stereotyped and conclusory statements") that could outweigh the overriding presumption of public openness. As Judge Castillo explained in *Wiggins*:

5

> In essence, this Court concludes that the allegations of police misconduct in the disputed documents before the Court must receive public exposure in order to insure that the significant public interest is served. As Martin Luther King, Jr. stated in his now famous letter from the Birmingham County Jail in April of 1963:
>
>> Like a boil that can never be cured as long as it is covered up but must be opened with all its pus-flowing ugliness to the natural medicines of air and light, injustice must likewise be exposed, with all of the tension its exposing creates, to the light of human conscience and the air of national opinion before it can be cured.
>
> [T]his Court concludes that the allegations of police misconduct contained in the disputed files must be exposed to the light of human conscience and the air of natural opinion.

*Id.* at 230. *See also Doe v. White*, 2001 WL 649536, at \*2 (N.D. Ill. June 8, 2001) (providing for disclosure of CR files with identifying information of complainants redacted); *Escobar v. Foster*, 2000 WL 631312, at \*2-3 (N.D. Ill. May 16, 2000) (entering protective order under which C.R. files were non-confidential material, subject to preservation of complainants' anonymity and police officers' personal information); *Sasu v. Yoshimura*, 147 F.R.D. 173, 176 (N.D. Ill. 1993) (where C.R. documents with identifying information has been redacted, remainder of document should not be designated as confidential).

C.R. Files deal with citizen allegations of police misconduct and the City's investigations of those allegations. They are a matter of public concern, particularly in a case such as this one, where a defendant police officer is facing criminal charges in connection with the alleged misconduct. Neither the individual police officers nor the City has a right to privacy in the contents of these documents. Defendants cannot point to any clearly defined injury that would result if these documents are not subject to a protective order.

**III.    The Parties Should Not Be Required to Make Consultants Parties to this Protective Order.**

The parties' proposed protective orders vary in one other way: the obligations placed on persons to whom Confidential Matter is disclosed.  *See* proposed orders at ¶C.6.  Both parties anticipate that the need might arise for disclosure of Confidential Matter to persons involved in the litigation such as expert witnesses, co-counsel, copy services, etc.   Plaintiff's proposed order requires counsel to direct any such person that the information must be kept confidential. Defendants, however, seek to make this process more onerous by requiring counsel to obtain affidavits from persons to whom Confidential Matter is disclosed.  Defendants additionally demand that any person to whom Confidential Matter is disclosed become party to the protective order and submit to this Court's jurisdiction.

Plaintiff's proposed language provides all the protection that is needed.  Requiring consultants and co-counsel to sign affidavits and submit to this Court's jurisdiction creates needless layers of bureaucracy and could have a chilling effect on potential consulting witnesses.

**Conclusion**

WHEREFORE, Plaintiffs respectfully request that the Court enter the protective order attached here as Exhibit A.

Respectfully submitted,

/s/ Heather Lewis Donnell
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
Elizabeth Wang
Heather Lewis Donnell
LOEVY & LOEVY
312 North May Street
Chicago, Illinois 60607
(312) 243-5900

7

## CERTIFICATE OF SERVICE

I, Heather Lewis Donnell, certify that on August 13, 2010, I served via email and the Court's CM/ECF system to all counsel of record PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER.


/s/ Heather Lewis Donnell___