# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1803 | **DATE** | 8/25/2010 |
| **CASE TITLE** | Matthew Clark, et al. Vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' and Plaintiffs' motions for protective order [34], [39] are denied without prejudice. The parties are ordered to meet and confer and prepare a protective order consistent with this order. If the parties are unable to prepare an agreed protective order consistent with this opinion, each side should file a proposed protective order consistent with this opinion by September 23, 2010.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Defendant City of Chicago's (City) motion for a protective order and Plaintiffs' motion for a protective order. The City contends that documents containing confidential information such as medical information, personnel information, and disciplinary histories should be kept confidential. The City seeks to include all Complaint Register (CR) files within the protection of a protective order. The City has provided the court with a proposed protective order consistent with its motion. Plaintiffs have responded by seeking the entry of a different protective order, which they have proposed. Pursuant to Federal Rule of Civil Procedure 26(c) a party can move for a protective order, and the court can enter such an order "for good cause." Fed. R. Civ. P. 26(c).

Plaintiffs agree that personnel records, private financial information of parties and non-parties, and medical records should be covered by the protective order. Plaintiffs also agree that personal information such as birth dates and social security numbers of non-parties and non-party witnesses should be covered by the protective order. Plaintiffs object to the portion of the City's proposed protective order that covers all CR files and the portion that places certain requirements on the dissemination of confidential information to third parties.

**STATEMENT**

I. Coverage of CR Files

Plaintiffs oppose the City's inclusion of CR files within the coverage of the protective order. The Illinois Appellate Court has held that police personnel do not have a right to privacy in regard to charges of misconduct. *Gekas v. Williamson*, 912 N.E.2d 347, 356 (Ill. App. Ct. 2009)(stating that "[w]hat [a deputy sheriff] does in his capacity as a deputy sheriff is not his private business"). Thus, there is no general right to privacy with respect to the CR files at issue in this case.

The City contends that CR files are exempt from disclosure under the Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1 *et seq.*. Specifically, the City argues that CR files are covered by the exemptions provided in 5 ILCS 140/7(1)(n), which covers "[r]ecords relating to a public body's adjudication of employee grievances or disciplinary cases. . . ." *Id.* Plaintiffs contend that the CR files are files concerning citizen complaints and are not disciplinary files or records of adjudication. The City has not shown otherwise, and has not explained why it believes that the CR files at issue would be covered by 5 ILCS 140/7(1)(n). Nor has the City shown that the CR files in general are exempt from disclosure under any other state or federal law.

The City also points out that the Illinois Supreme Court Rules of Professional Conduct prevent lawyers from making extrajudicial statements that will enter the public spectrum and will pose a serious and imminent threat to the fairness of an adjudicative proceeding. The City contends that such a rule is an indication that CR files should be kept confidential. Although the City has not identified any specific threat to fairness of an adjudicative proceeding with respect to the CR files in this case, to the extent that there is information in the CR files concerning active Independent Police Review Authority (IPRA) proceedings, the City may have good cause to have such information kept confidential. *See, e.g., Santiago v. City of Chicago*, 2010 WL 1257780, at *2 (N.D. Ill. 2010).

The City has provided only cursory statements regarding why CR files in general should be kept confidential and has not shown why some or all of the CR files at issue in this case should be kept confidential. The City mentions, for example, that CR files may include medical information, but fails to specifically point to any portion of the CR files at issue in this case that the City believes contain medical information. Plaintiffs have also agreed that in the event that the CR files contain medical information, they will keep such medical information confidential. The City also contends that CR files can contain personal

**STATEMENT**

identifying information concerning parties and non-parties, but Plaintiffs have agreed to protect all such information within a protective order. (P Mot. 2). The City also mentions that there are procedures for an *in camera* inspection of CR files, but does not request an *in camera* inspection or explain why such a procedure would be appropriate in regard to the specific CR files at issue in the instant action. Thus, the City has not shown good cause to have the entirety of the CR files at issue in this case covered by a protective order.

II. Dissemination of Confidential Information to Third Parties

Plaintiffs also object to the portion of the City's proposed protective order requiring counsel to direct third parties, such as expert witnesses, to sign affidavits and agree to submit to the court's jurisdiction under the protective order. Plaintiffs contend that such measures will have a chilling effect on potential consulting witnesses. The requirements proposed by the City are not unreasonable. If individuals, other than counsel for the parties, are going to be given confidential information in this case, it would not be overly burdensome merely to have such individuals sign an affidavit. Also, if such individuals truly intend to abide by this court's protective order and keep the information provided to them confidential, there should be nothing intimidating or chilling about their agreeing to keep such information confidential and submit to this court's jurisdiction. Thus, the provisions proposed by the City concerning the dissemination of confidential information to third parties are appropriate.

Therefore, based on the above, we deny the City's motion for a protective order since the proposed protective order would protect all the contents of the CR files at issue in this case and the City has not shown good cause for such a broad protective order. We also deny Plaintiffs' motion for a protective order since the proposed protective order fails to adequately address what portions of the CR files at issue will be protected and the CR files allegedly contain confidential information such as medical information, personal identifying information of parties and non-parties, and information concerning active IPRA proceedings. The parties are ordered to meet and confer and prepare a protective order consistent with this order. If the parties are unable to prepare an agreed protective order consistent with this opinion, each side should file a proposed protective order consistent with this opinion by September 23, 2010.