IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MATTHEW CLARK and GREGORY MALANDRUCCO, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, et al., <br><br> Defendants. | Case No. 10-cv-1803 <br><br> Judge Der-Yeghiayan <br><br> Magistrate Judge Cox <br><br><br> JURY TRIAL DEMANDED |

### PLAINTIFFS' MOTION FOR MISCELLANEOUS RELIEF

Now come Plaintiffs Matthew Clark and Gregory Malandrucco, by and through their attorneys LOEVY & LOEVY, and move this Court to order Defendant City of Chicago to submit the updated Independent Police Review Authority's investigation file for the Court's *in camera* inspection and for the Court to order production of any documents that would assist Plaintiffs in identifying the unknown plainclothes officer defendants. In support of this motion, the Plaintiffs state as follows:

### Background

Plaintiffs allege that they were beaten without provocation by plainclothes officers in the parking lot of Arturo's Tacos on February 7, 2010, which was captured on video surveillance cameras of two nearby business establishments. During the assault, several uniformed officer defendants arrived on the scene. All of the individually named defendants allowed the plainclothes officers to leave the scene and failed to provide Plaintiffs with needed medical attention. Discovery is proceeding and Plaintiffs have until May 4, 2011, to conduct discovery

of the identities of the unknown plainclothes officers and amend their complaint.

## Argument

Since this Court unstayed discovery on November 10, 2010, dkt. 58, Plaintiffs have diligently been working to identify the unnamed defendants, including taking the depositions of all of the named defendants and three additional depositions. Plaintiffs also previously moved to compel production of the Independent Police Review Authority's ("IPRA's") investigation file, dkt. 17, and the court ordered the *in camera* review of the file and the supplemental file. See Dkt. 23 (June 3, 2010, Minute Order, ordering City to produce IRPA file); Dkt. 24 (June 15, 2010 Minute Order, ordering the City to produce its supplemented file on October 18, 2010). Indeed, after the Court reviewed the supplemental file, the Court ordered production of numerous documents to assist Plaintiffs in identifying the unknown defendants.

Since the Court last conducted its *in camera* review, almost five months have passed and Plaintiffs are still unable to identify the unknowns defendants. Plaintiffs are aware that IPRA's investigation is ongoing and that addition documents have been created that have not been reviewed by the Court. Plaintiffs believe that the updated IPRA file contains additional documents to assist Plaintiffs in identifying the unknown plainclothes officers. In fact, since the Court last reviewed the file, both Plaintiffs have met with IPRA investigators to assist IPRA's investigation. At their interviews, IPRA investigators showed Plaintiffs a photo array of a possible suspect of the unknown female plainclothes officer. The creation of a photo array is a promising sign in the IPRA investigation. The only way that IPRA could create a photo array is if they have information tending to implicate some officers as a plainclothes officer. Thus, a good chance exists that the additional documents not yet reviewed by the Court would yield fruitful information to identify the unknown defendants in this action.

Because Plaintiffs must identify the unknown defendants and amend their complaint by May 4, 2011, dkt. 66, Plaintiffs respectfully request that this Court order the City to produce its most current IPRA file for its *in camera* review and for the Court to order production of any and all documents that would assist Plaintiffs in timely identifying the unknown plainclothes officers. Plaintiffs agree that any documents produced will be considered Confidential pursuant to the Protective Order entered in this case.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order compelling the Defendant City of Chicago to produce the updated IPRA investigation file with all documents added to the file since the City produced the file to the Court on October 18, 2010. Plaintiffs further request that the Court order production of any relevant documents to assist Plaintiffs in identifying the unknown plainclothes officers.

Respectfully submitted,

/s/ Heather Lewis Donnell
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Russell Ainsworth
Elizabeth Wang
Heather Lewis Donnell
LOEVY & LOEVY
312 North May Street
Chicago, Illinois 60607
(312) 243-5900

## **CERTIFICATE OF SERVICE**

    I, Heather Lewis Donnell, certify that on March 7, 2011, I filed a copy of Plaintiffs' Motion for Miscellaneous Relief with the Court's CM/ECF filing system and thereby caused a copy to be served on all counsel of record.

                                                        /s/ Heather Lewis Donnell