**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW CLARK and GREGORY MALANDRUCCO, | ) ) ) |
| Plaintiffs, | ) Case No. 10 C 1803 ) |
| v. | ) ) |
| | ) Judge Der-Yeghiayan |
| CITY OF CHICAGO, OFFICER BRIAN POSTRELKO, OFFICER MICHAEL TORRES, OFFICER NELSON CRESPO, OFFICER ELISE MIDDLETON, OFFICER RICK PODGORNY, OFFICER ANGELIQUE MARTINEZ, UNKNOWN PLAINCLOTHES CHICAGO POLICE OFFICERS, | ) ) ) Magistrate Judge Cox ) ) ) ) ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Now come Plaintiffs Matthew Clark and Gregory Malandrucco, by and through their attorneys, respectfully seeking this Court's enforcement of their Settlement Agreement with the Defendants. In support of their motion, Plaintiffs state as follows:

### Introduction

1. As the Court is aware, the parties previously reached an agreement to resolve this case in exchange for a payment of $185,000.

2. Over the past two months, the counsel for the parties have negotiated and largely resolved the written memorialization of their oral agreement.

3. However, despite the parties' efforts, a dispute remains about the language to describe the payments Plaintiffs will receive from the City to resolve the claims they alleged in their complaint.

4. Counsel for the Plaintiffs apologizes that the parties were unable to resolve this dispute without the Court's assistance, and acknowledge that this is the manner of dispute the Court expects parties will be able to resolve amongst themselves. That said, sometimes parties require the assistance of the proverbial "umpire" to make the final call.

**Discussion**

5. The remaining disputes are relatively minor, but neither Mr. Clark/Malandrucco nor the City believes they/it can compromise further. Accordingly, Mr. Clark and Mr. Malandrucco have asked Plaintiffs' counsel to present the remaining issues to the Court.

6. Specifically, the language of the entire settlement agreement has been resolved with three exceptions. Mr. Clark and Mr. Malandrucco have requested three additional provisions be included in Paragraph 5 of their settlement agreement to: (1) allow each Plaintiff to receive a separate check for their portion of the settlement amount; (2) remove the word "and" between the words "personal" and "physical" in describing the injuries Plaintiffs allege they suffered in their complaint; and (3) include the phrase "in its entirety" to describe the City's payment to the Plaintiffs.

7. Accordingly, Plaintiffs request that Paragraph 5 of the Settlement Agreement read as follows:

> 5. Plaintiffs, Matthew Clark and Gregory Malandrucco, accept a settlement from defendant, City of Chicago, in the total amount of ONE HUNDRED EIGHTY-FIVE THOUSAND AND NO/100 DOLLARS ($185,000), payable through the issuance [of three checks], the first payable to plaintiff Matthew Clark in the amount of FOURTY-EIGHT THOUSAND FOURTY-TWO and 50/100 DOLLARS ($48,042.50) and the second payable to plaintiff Gregory Malandrucco in the amount of FOURTY-FOUR THOUSAND FOUR HUNDRED FIFTY-SEVEN and 50/100 DOLLARS ($44,457.50). The City's payment [in its entirety] to the plaintiffs constitutes damages received on account of personal [and] physical injuries resulting from the events alleged in their Complaint. The third check will be payable to Loevy & Loevy for attorneys' fees resulting from their representation of plaintiffs in filing and pursuit of their

>Complaint in the amount of NINETY-TWO THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($92,500.00). Plaintiffs acknowledge and agree that Defendant and its attorneys make no tax representations or conclusions nor provide any tax advice to Plaintiffs. Plaintiffs acknowledge they have sought their own tax advice with respect to these matters.

Exhibit A (Settlement Agreement) (disputed language in brackets).

8. It is Mr. Clark's and Mr. Malandrucco's position that their proposed language comports with the settlement agreement reached by the parties, and memorializes the parties' understanding. They seek this language on the advice of their tax advisors.

9. Moreover, in Plaintiffs' view, describing Plaintiffs' injuries as "personal physical injuries" is most consistent with the allegations in their complaint because all of the injuries they suffered, emotional or otherwise, flowed from and were the result of, the physical injuries they sustained during the assault and the denial of medical care for the same. In contrast, separating Plaintiffs' injuries into two separate categories of injuries that are either personal **or** physical is inconsistent with Plaintiffs' allegations because it wrongly implies that Plaintiffs alleged that they suffered mental and emotional injuries that were separate and distinct from their physical injures, which they did not. Any physical, mental or emotional injuries they suffered all originated from the physical injuries they personally suffered.

10. A grand total of seven words are in dispute (six in, one out). It is Plaintiffs' counsels' hope that when counsel for the City receives this motion, counsel will go back to their client and attempt to persuade the City to compromise. The fact is that the language about which Mr. Clark and Mr. Malandrucco feel so strongly would cause no prejudice to the City, and could be easily included/excluded.

WHEREFORE, Plaintiffs respectfully request and order from this Court directing the parties to include the following three provisions in Paragraph 5 of the written agreement memorializing their pre-existing settlement:

(1) allow each Plaintiff to receive a separate check for their portion of the settlement amount;

(2) remove the word "and" between the words "personal" and "physical" in describing the injuries Plaintiffs allege they suffered in their complaint; and

(3) include the phrase "in its entirety" to describe the City's payment to the Plaintiffs.

        Respectfully submitted,

        Heather Lewis Donnell
        Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
Elizabeth Wang
Heather Lewis Donnell
LOEVY & LOEVY
312 North May Street
Chicago, Illinois 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

     I, Heather Lewis Donnell, certify that on April 17, 2013, I filed a copy of the foregoing PLAINTIFFS' MOTION TO ENFORCE SETTELEMENT AGREEMENT with the Court's CM/ECF system and thereby caused a copy of the same to be served to all counsel of record.

                                        /s/ Heather Lewis Donnell