**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW CLARK and GREGORY MALANDRUCCO, ) ) ) | |
| Plaintiffs, ) | Case No. 10 C 1803 |
| v. ) ) | |
| ) | Judge Der-Yeghiayan |
| CITY OF CHICAGO, OFFICER BRIAN POSTRELKO, OFFICER MICHAEL TORRES, OFFICER NELSON CRESPO, OFFICER ELISE MIDDLETON, OFFICER RICK PODGORNY, OFFICER ANGELIQUE MARTINEZ, UNKNOWN PLAINCLOTHES CHICAGO POLICE OFFICERS, ) ) ) ) ) ) ) ) | Magistrate Judge Cox |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiffs, Matthew Clark and Gregory Malandrucco (hereinafter "Plaintiffs"), by their attorneys, Loevy & Loevy, Defendant City of Chicago, by its attorney, Stephen R. Patton, Corporation Counsel of the City of Chicago, and Defendants Nelson Crespo, Brian Postrelko, and Michael Torres, by their attorney, Borkan & Scahill, Ltd., herein stipulate and agree to the following:

1.   This action has been brought by Plaintiffs against defendant City of Chicago, and Plaintiffs makes certain allegations contained in Plaintiffs' complaint. Former defendants Nelson Crespo, Brian Postrelko, and Michael Torres have been granted summary judgment by this Honorable Court. Former Defendants Angelique Martinez and Michael Mannott have been voluntarily dismissed with prejudice prior to the execution of this Release.

2.   Defendant denies each and every allegation of wrongdoing as stated in Plaintiffs' complaint, and, further, denies liability.

3. The parties and their respective attorneys acknowledge that settlement of this claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part of any current or former defendant and/or the City of Chicago's future, current or former officers, agents and employees, and shall not serve as evidence of any wrongdoing by or on the part of any current or former defendant and/or the City of Chicago's future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy.

4. In consideration of the hereinafter indicated settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, Plaintiffs agree to dismiss with leave to reinstate solely in the event that the Chicago City Council rejects the hereinafter indicated settlement, all of their claims against defendant City of Chicago with each party bearing its own costs and attorney's fees. Plaintiffs agree to waive any appeal of the Court's Order of Summary Judgment entered on February 6, 2013 regarding Defendants Nelson Crespo, Brian Postrelko, and Michael Torres. All Defendants agree to waive any petition for costs. Plaintiffs agree that they will be required to execute this Release and Settlement agreement and effect said dismissal of this action prior to the City's presentation of the settlement agreement to the Chicago City Council and that Plaintiffs' agreement to settle on these terms shall not be revoked or otherwise repudiated unless the Chicago City Council rejects the settlement agreement. Upon approval of the settlement by the Chicago City Council, Plaintiffs agree to a final order dismissing with prejudice all of their claims against City of Chicago, with each party bearing its own costs and attorneys' fees.

5. Plaintiffs, Matthew Clark and Gregory Malandrucco, accept a settlement from defendant, City of Chicago, in the total amount of ONE HUNDRED EIGHTY-FIVE THOUSAND AND NO/100 DOLLARS ($185,000), payable through the issuance of three

checks, the first payable to plaintiff Matthew Clark in the amount of FOURTY-EIGHT THOUSAND FOURTY-TWO and 50/100 DOLLARS ($48,042.50) and the second payable to plaintiff Gregory Malandrucco in the amount of FOURTY-FOUR THOUSAND FOUR HUNDRED FIFTY-SEVEN and 50/100 DOLLARS ($44,457.50). The City's payment in its entirety to the plaintiffs constitutes damages received on account of personal physical injuries resulting from the events alleged in their Complaint. The third check will be payable to Loevy & Loevy for attorneys' fees resulting from their representation of plaintiffs in filing and pursuit of their Complaint in the amount of NINETY-TWO THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($92,500.00). Plaintiffs acknowledge and agree that Defendant and its attorneys make no tax representations or conclusions nor provide any tax advice to Plaintiffs. Plaintiffs acknowledge they have sought their own tax advice with respect to these matters.

6. The City's obligations pursuant to this Release and Settlement Agreement are conditioned upon approval of the settlement agreement by the Chicago City Council. The City will not be obligated to perform its obligations pursuant to this Release and Settlement Agreement until the following events occur: (1) the City receives a copy of this Release and Settlement Agreement executed by Plaintiffs and their attorneys; (2) the Chicago City Council enacts an ordinance authorizing settlement and payment of the funds agreed upon in this Release and Settlement Agreement; and (3) the City receives a Final Agreed Order of Dismissal from the District Court dismissing with prejudice all of Plaintiffs' claims against defendant, with each party bearing its own costs and attorneys' fees and without leave to reinstate as specified in paragraph 4 of this Release and Settlement Agreement.

7. The City agrees to pay Plaintiffs the total settlement amount as specified in paragraph 5 herein within sixty (60) days of receipt by the Corporation Counsel's Office of all Confidential Matter tendered to Plaintiffs and/or their counsel by defendants under any and all protective orders entered in this matter, a court-entered order dismissing this case with prejudice,

a court-entered stipulation of dismissal, a fully executed release and settlement agreement, an ordinance of the City Council authorizing the settlement as described in paragraph 6, and any other court-entered order necessary for the disposition of funds, whichever is received latest. This sum shall be payable solely by the City of Chicago, and Plaintiffs and/or their attorneys agree that they will not seek payment from any source other than the City of Chicago.   8.

Plaintiffs and their counsel represent that they are not aware of any outstanding liens in this matter.

9. Plaintiffs, upon advice of counsel, understand and agree that in consideration of the settlement entered pursuant to this Release and Settlement Agreement, Plaintiffs do hereby release and forever discharge on behalf of themselves and their heirs, executors, administrators and assigns, all claims they had or have against any and all current and former defendants in this case, the City of Chicago, and its future, current or former officers, agents and employees, including but not limited to all claims they had, have, or may have in the future, under local, state, or federal law, arising either directly or indirectly out of the incident which was the basis of this litigation, and that such release and discharge also are applicable to any and all unnamed and/or unserved defendants.

10. This Release and Settlement Agreement and any documents that may be executed under paragraph 13 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

11. This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws.  Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

12. In entering into this Release and Settlement Agreement, Plaintiffs represent that they have relied upon the advice of their attorneys, who are the attorneys of their own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by Plaintiffs. Plaintiffs also represent and warrant that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that they and their attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

13. All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

14. All parties agree that if the City Council rejects the Settlement Agreement and Release all parties return to their pre-settlement positions.

| | |
|---|---|
| _____<br>**Matthew Clark, Plaintiff**<br><br>Subscribed and Sworn to before me this \_\_\_\_day of March, 2013.<br><br>_____<br>Notary Public<br><br>_____<br>**Gregory Malandrucco, Plaintiff**<br><br>Subscribed and Sworn to before me this \_\_\_\_day of March, 2013.<br><br>_____<br>Notary Public<br><br><br>**Loevy & Loevy**<br>312 N. May Street, Suite 120<br>Chicago, IL 60607<br><br>FEIN: _____<br><br>DATE:_____<br><br>BY: _____<br><br>Attorney No. _____ | **City of Chicago**<br>a Municipal Corporation<br><br>Stephen Patton<br>Corporation Counsel<br>Attorney for defendant City of Chicago<br><br><br>BY: _____<br><br>Jordan Marsh<br>Senior Counsel<br>30 North LaSalle Street, Suite 900<br>Chicago, Illinois  60602<br>Attorney No. 6216489<br><br>DATE: _____<br><br><br><br>**Nelson Crespo, Brian Postrelko, and Michael Torres**<br><br>Borkan & Scahill, Ltd.<br>20 S. Clark Street, Suite 1700<br>Chicago, IL 60603<br><br>DATE:_____<br><br>BY: _____<br><br>Attorney No. _____ |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MATTHEW CLARK and ) <br> GREGORY MALANDRUCCO, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> CITY OF CHICAGO, OFFICER BRIAN ) <br> POSTRELKO, OFFICER MICHAEL ) <br> TORRES, OFFICER NELSON CRESPO, ) <br> OFFICER ELISE MIDDLETON, ) <br> OFFICER RICK PODGORNY, OFFICER ) <br> ANGELIQUE MARTINEZ, UNKNOWN ) <br> PLAINCLOTHES CHICAGO POLICE ) <br> OFFICERS, ) <br> ) <br> Defendants. ) | Case No. 10 C 1803 <br><br> Judge Der-Yeghiayan <br><br> Magistrate Judge Cox <br><br> JURY TRIAL DEMANDED |

**STIPULATION TO DISMISS WITH LEAVE TO REINSTATE**

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by their respective attorneys of record, that this matter has been settled pursuant to the Release and Settlement Agreement executed by the parties and, therefore, this cause should be dismissed with leave to reinstate solely in the event that the Chicago City Council rejects the Release and Settlement Agreement, and with each party bearing its own costs and attorney's fees in accordance with the terms of the Release and Settlement Agreement and the Final Agreed Order of Dismissal.

Loevy & Loevy
312 N. May Street, Suite 120
Chicago, IL 60607

FEIN: _____

DATE:_____

BY: _____

Attorney No. _____

City of Chicago
a Municipal Corporation
Stephen Patton
Corporation Counsel
Attorney for defendant City of Chicago

BY: _____

Jordan Marsh
Senior Counsel
30 North LaSalle Street, Suite 900
Chicago, Illinois  60602
Attorney No. 6216489

DATE: _____

Nelson Crespo, Brian Postrelko, and Michael Torres

Borkan & Scahill, Ltd.
20 S. Clark Street, Suite 1700
Chicago, IL 60603

DATE:_____

BY: _____

Attorney No. _____