**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW CLARK and GREGORY MALANDRUCCO, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 10-cv-1803 |
| v. | ) ) | Judge Der- Yeghiayan |
| | ) ) | Magistrate Judge Cox |
| CITY OF CHICAGO, UNKNOWN PLAINCLOTHES CHICAGO POLICE OFFICERS, and UNKNOWN UNIFORMED CHICAGO POLICE OFFICERS, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S RESPONSE TO
MOTION TO ENFORCE SETTLEMENT**

Defendant City of Chicago, ("City") by its attorney Stephen R. Patton, Corporation Counsel, Jordan Marsh, Senior Counsel, for its response to Plaintiffs' Motion to Enforce Settlement Agreement, states as follows:

1. The parties negotiated a monetary settlement of all claims in this case. Thereafter, Defendant City submitted a standard "Release and Settlement Agreement" ("Release"), which conditioned the finalization of the settlement upon approval by the Chicago City Council. (Exhibit A, attached).

2. Counsel for plaintiff, Loevy and Loevy is very familiar with City's form of release, having negotiated numerous settlement agreements with City attorneys over the years. There were no special terms or conditions negotiated or requested by plaintiffs or their counsel prior to the City's preparation and submission of the Release and Settlement Agreement. Plaintiffs and

their counsel thus, merely needed to review the agreement and stipulation for accuracy, sign the documents and return them to defense counsel.

3.     Plaintiffs did not sign the agreement. Instead they initiated a drawn out negotiation process over the language and terms of the City's standard Release. To accommodate plaintiffs and conclude the settlement the City acquiesced and agreed to many of the changes requested by plaintiffs, but rejected others.

4.     Plaintiffs now disingenuously seek to "enforce" the settlement. However, City has not backed out of the agreement and remains willing to carry it out. In support of their motion, plaintiffs have attempted to falsely portray the City as inflexible and unreasonable in its rejection of the changes plaintiff continues to propose to the Release.

5.     Plaintiffs request three additional changes to the release. First, plaintiff requests separate drafts for each plaintiff. The City previously rejected this term, but will acquiesce to this request. Second, plaintiffs seek to remove the word "and" between personal and physical in paragraph 5 of the proposed release. Defendant maintains its rejection of this term as a misstatement of the allegations made in the lawsuit.  Without speculating as to the motives of Plaintiffs in proposing this language, the City strongly believes that the proposed language would materially misrepresent the nature of the allegations and the nature of the lawsuit.  Specifically, to the extent the proposed language implies that this was a lawsuit for personal injuries, it would be false.  This was a civil rights lawsuit brought pursuant to federal law, not a common law personal injury lawsuit.  None of the named defendants are alleged to have caused the Plaintiffs' claimed personal injuries.  The City will not be party to a release that contains misleading or inaccurate language.  Third, plaintiffs request the Release state that the City's payment "in its entirety" is for personal and physical injuries. Again, plaintiffs' inclusion of that phrase is a

misstatement of the allegations made in this case and is rejected for the same reasons pertaining to the omission of "and" between personal and physical.

6.   Plaintiffs' motion  trivializes the City's rejection of their proposed additional changes as a dispute over a "six words." As stated before, that position is not only disingenuous, but its reasoning is equally applicable to plaintiffs' insistence in changes over these same "six words." Moreover, a change in an agreement of even one word (e.g. remove "thousand" after the amount to be paid to plaintiffs), potentially has a monumental effect on the entire agreement.

7.   The City therefore requests that this court deny plaintiffs' motion. Plaintiffs' request for two of the three requested additional terms in the Release is not acceptable to the City. Plaintiffs did not request or negotiate these terms prior to the agreement to settle this matter, and the City has already made unusual concessions in order to resolve this dispute.  The City will not, however, sign off on a Release that misrepresents the nature of the claims or the lawsuit. Plaintiffs' motion should be denied.

WHEREFORE, for the reasons stated above, the City respectfully requests this Court to deny plaintiffs' Motion to Enforce the Settlement Agreement.

Respectfully submitted,

By:    /s/ Jordan Marsh
       Jordan Marsh, Senior Counsel
       30 North LaSalle, Suite 900
       Chicago, IL  60602
       (312) 744-4038
       Attorney for Defendant City of Chicago